## AMITY FINANCE CORP v CROCK et

Ohio Appeals, 2nd Dist, Franklin Co

No 2243.   Decided Oct 27, 1933

Benjamin F. Levinson, Columbus, for plaintiff in error.

Booth, Keating, Pomerene & Boulger, Columbus, for defendant in error.

**OPINION**

By HORNBECK, PJ.

The question presented arose when the plaintiff took a cognovit judgment against all defendants for the amount claimed to be due, as heretofore set forth. Thereafter, upon proper proceedings by defendants Crock and Hoel, the judgment was opened up as to them, answers were filed setting up the defense of usury, because of the commissions paid in excess of the interest stipulated in the note.

The court sustained the defenses of the individual makers and dismissed the cause of action against them, and entered judgment in the full amount against the defendant corporation.

Under the statute, §8623-78 GC, a corporation cannot assert the defense of usury against a claim such as is represented by the note in the instant case.

Upon the conceded facts, it appears that the plaintiff corporation made its check for $4500.00 direct to the defendant, The Riders Stores Company. And, although the note was made to Kate M. Calhoun, she immediately endorsed it to the plaintiff corporation without recourse. It, therefore, seems evident that the plaintiff corporation was the holder of the note with knowledge of the $500.00 commission charged for making the loan and all the defenses can be asserted against it that could have been asserted against the original payee. Nor is there longer any question that the renewals of the original note do not foreclose the makers of the notes from asserting usury as to the original loan. **Pardman v Wilson, 4 Oh St 630; Beals v Lewis, 43 Oh St 220; Beggs v Loudenbeck, 12 Ohio, 153.**

We then come to the question in the case to which counsel have directed the major portion of their arguments, namely, do the facts in this case preclude the individual makers of the original note, Crock and Hoel, from asserting the defense of usury on a cause of action against them, wherein it is sought to take judgment for the amount due on the note, allowing no credit thereon for the commissions paid to the plaintiff corporation by the Riders Stores Company.

The subject has been thoroughly discussed and well-briefed by counsel for the parties. In our judgment the cases cited are not in conflict on principle. One of the leading authorities cited by counsel for the plaintiff corporation, to which there is appended an annotation, is that of Salvin et v Myles Realty Co. et, 227 N. Y. 51, 6 A.L.R. 581. The annotation is found at page 586. In the Salvin case and all others in the annotation the parties who were held for full liability and precluded from asserting usury as a defense in their behalf were sureties, guarantors or indorsers. Their

liability was secondary. The theory of the decisions is that the contract of the corporation to pay in excess of the lawful rate of interest is valid and the sureties are liable because assuring compliance with a valid contract. But in the instant case, Crock and Hoel were joint makers, with The Riders Stores Company, of the note sued upon and were primarily liable. Their liability is fixed by statute. §8296 GC:

"The person 'primarily' liable on an instrument is the person who by its terms is absolutely required to pay it. All other parties are 'secondarily' liable."

And §8165 GC provides:
"By making it, the maker of a negotiable instrument engages that he will pay it according to its tenor, and admits the existence of the payee and his then capacity to indorse."

Upon the face of the instrument Crock and Hoel are principal makers and there is nothing in the stipulation which would classify them as sureties. The only fact in the stipulation from which any inference could be drawn that they stood in relation as sureties to the Riders Stores Co. is that payments to the Finance Corporation were made by the Riders Stores Co. The most that could be claimed is that they were accommodation makers. But, if they sustained a relationship analagous to that of sureties they would be primarily liable.
**Richards v Bank Co, 81 Oh St, 348.**

The note reads: "For full value received the undersigned, the Riders Stores Co., C. C. Hoel and T. R. Crock promises to pay ——". This, in our judgment, is a joint and several liability.

**Hecker v Mahler, 64 Oh St, 398.**
The obligation, then, was several as well as joint and Crock and Hoel did not assume an obligation or contract of the Riders Stores Co. but contracted a liability of their own.

Upon an action to require the individuals to pay, according to the tenor of the note, they are entitled to assert any defense which the law accords them and in determining what is due from them they have a right in accounting to a computation which credits all that would be usury as to them. Upon such computation there has been paid on the note more than is due. The Riders Stores Co. has no right to the defense of usury and in determining what it owes on the note, the sum paid, which as to the individuals would be usury, could not be applied as a credit on the note.

This is the view which the trial court took of the respective rights of the parties. With that determination we are in accord.

The judgment will, therefore be affirmed.

KUNKLE and BARNES, JJ, concur.